IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

KENDALL RILEY,                          )
                                        )
            Plaintiff,                  )
                                        )
v.                                      )    CIVIL ACTION NO. 2:11-CV-566-TMH
                                        )
JUDGE PAMELA HIGGINS, et al.,           )
                                        )
            Defendants.                 )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I.  INTRODUCTION

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Kendall Riley ["Riley"], an indigent inmate presently confined at the Montgomery County Detention Facility, against Judge Pamela Higgins, Judge Jimmy Poole and Montgomery Police Detective Notkins.  In this complaint, Riley challenges the denial of bond by the state court and the evidence presented in support of criminal charges pending against him before the Circuit Court of Montgomery County, Alabama.  *Plaintiff's Complaint - Court Doc. No. 1* at 3.  He further alleges police officers obtained statements from him in violation of his *Miranda* rights.  *Id*.  Riley seeks a bond hearing before this court and his release from incarceration while awaiting trial on the state criminal charges.  *Id* at 4.

Obviously, issuance of a decision in favor of Riley on those claims arising from actions of the state court would result in the granting of declaratory relief from those

actions.    Upon thorough review of the complaint, the court concludes that this case is due
to be summarily dismissed prior to service of process in accordance with the provisions of
28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[1]

## II.  DISCUSSION

### A.  Request for Declaratory Relief - Denial of Bond

1. <u>Non-Final Orders</u>.  To the extent Riley seeks relief from adverse decisions issued
by the state court which are not yet final, he is not entitled to relief from this court on such
claims as there is an adequate remedy at law.  *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir.
2000) ("In order to receive declaratory or injunctive relief, plaintiff[] must establish that
there was a [constitutional] violation, that there is a serious risk of continuing irreparable
injury if the relief is not granted, and the absence of an adequate remedy at law.").
Specifically, Riley could appeal orders issued by the state court  to the appropriate higher
state court.  Since state law provides an adequate remedy for Riley to challenge non-final
orders, the plaintiff is "not entitled to declaratory or injunctive relief in this case."  *Id*. at
1243.

2. <u>Final Orders</u>.  With respect to the claims presented by Riley attacking the
constitutionality of orders issued by a state court which have become final in accordance

---

[1] The court granted Riley leave to proceed *in forma pauperis* in this case.  *Order of July 15, 2011 - Court Doc. No. 3.*  A prisoner who is allowed to proceed *in forma pauperis* will have his/her complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a prisoner's complaint if it determines that the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

with state law, this court lacks jurisdiction to render such judgment in an action filed pursuant to 42 U.S.C. § 1983.  "The *Rooker-Feldman* doctrine prevents ... lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)."  *Lance v. Dennis*, 546 U.S. 459, 460, 126 S.Ct. 1198, 1199 (2006). Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar Riley from proceeding before this court as this case, with respect to any claims challenging final orders issued by a state court in pending criminal actions, is "'brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'  544 U.S. at 284, 125 S.Ct. [at] 1517."  *Lance*, 546 U.S. at 464, 125 S.Ct. at 1201; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (federal district courts "do not have jurisdiction ... over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.").  Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court.  *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (§ 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

3

In light of the foregoing, the court concludes that dismissal of the requests for relief from final actions undertaken by the state courts during proceedings related to the plaintiff's pending criminal cases is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).  *See Clark v. State of Georgia Pardons and Paroles Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2]

## B.  Pending Criminal Charges

Under the decision issued by the United States Supreme Court in *Younger v. Harris*, 401 U.S. 37, 43-44 (1971), a federal court must refrain from interfering with pending state criminal proceedings "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief."  The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions."  *Id*. at 43.  In this case, Riley has an adequate remedy at law regarding any claims attacking the propriety of the pending criminal charges and/or actions relative to the admissibility of evidence allegedly obtained from him in violation of his rights because he may pursue these claims through the state court system in the on-going state criminal proceedings.  *See generally Doby v. Strength*, 758 F.2d 1405 (11th Cir. 1985).  Moreover, the plaintiff has not alleged the existence of any special circumstance which creates a threat of irreparable harm.  The mere fact that Riley must endure state criminal proceedings fails

---

[2] Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

4

to demonstrate irreparable harm. *Younger*, 401 U.S. at 45. This court is therefore compelled to abstain from considering the merits of Riley's claims which place into question the admissibility of evidence and the constitutionality of the criminal charges pending against him before the Circuit Court of Montgomery County, Alabama as such claims are not cognizable in a 42 U.S.C. § 1983 action at this time. *Id*. at 43-44. Consequently, dismissal of these claims is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims for declaratory relief with respect to orders/actions of the state court be DISMISSED with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

2. The plaintiff's claims relative to the pending criminal charges be DISMISSED without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

3. This case be dismissed prior to service of process.

It is further

ORDERED that **on or before August 1, 2011**, the parties may file objections to this Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not

appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 18th day of July, 2011.


       /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

6